IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RICK ALLEN RHOADES,**<br>　　*Plaintiff*,<br><br>v.<br><br>**HON. ANA MARTINEZ,**<br>　　*Defendant*. | C.A. No. 4:21-CV-02422 |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1), (6)**

Defendant Judge Ana Martinez files this motion to dismiss Plaintiff Rick Rhoades' Complaint (Dkt. No. 1) against her. Rhoades' suit requires dismissal because (1) Judge Martinez is entitled to sovereign immunity; (2) this Court should abstain from exercising jurisdiction over this suit; and (3) Rhoades is time barred from bringing his claims.

**STATEMENT OF THE CASE**

In 1991, Plaintiff Rick Rhoades stabbed and killed two brothers, Charles and Bradley Allen. *Rhoades v. Davis*, 914 F.3d 357, 361 (5th Cir. 2019), cert. denied, 140 S. Ct. 166 (2019). In 1992, a Texas jury convicted Rhoades of capital murder and he received a death sentence. *Id*. Rhoades is set for execution on September 28, 2021. Dkt. No. 1 at p. 1.

Rhoades has filed a number of post-conviction motions, none of which have successfully reversed his death sentence. *Id*. at p. 11-14. Most recently, Rhoades filed a post-conviction motion with the 179th District Court of Harris County, Judge Ana Martinez presiding, seeking the personal information of the jurors at his criminal trial under Texas Code of Criminal Procedure Article 35.29 ("Article 35.29 Motion"). *Id*. at ¶29. Judge Martinez, however, declined to rule on the Article

35.29 Motion after finding that she lacked jurisdiction to consider it. *Id.* at ¶30. Rhoades sought leave to file a writ of mandamus against Judge Martinez in the Court of Criminal Appeals, hoping that he could petition the Court to order Judge Martinez to reach the merits of Rhoades' Article 35.29 Motion. *Id.* at ¶34-35. The Court of Criminal Appeals denied Rhoades' motion for leave. *Id.* at ¶36.

Rhoades has now filed suit against Judge Martinez in this Court under 42 U.S.C. § 1983. *Id.* at ¶8. Specifically, Rhoades claims his due process and equal protection rights were violated when Judge Martinez found she did not have jurisdiction over his Article 35.29 Motion. *Id.* at ¶¶39-58. Judge Martinez is sued only in her official capacity. *Id.* at ¶12. Rhoades seeks relief in the form of declaratory judgments that he is entitled to a decision on his Article 35.29 Motion *and* that the motion should be granted. *Id.* at ¶¶59-60.

## ARGUMENT

### MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

Federal courts are courts of limited jurisdiction, possessing only power authorized by Constitution and statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). A plaintiff bears the burden of establishing subject-matter jurisdiction. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). A party may challenge by motion the subject-matter jurisdiction of the court to entertain a claim. *See* Fed.R.Civ.P. 12(b)(1). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *In re FEMA*, 668 F.3d at 286. The court has the power to dismiss a claim for lack of subject-matter jurisdiction on the basis of the complaint itself, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by the

undisputed facts plus the court's resolution of the disputed facts. *Id*. Sovereign immunity, judicial immunity and Article III standing are jurisdictional issues. *Cozzo v. Tangipahoa Parish Council–President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002).

## I.   JUDGE MARTINEZ IS ENTITLED TO SOVEREIGN IMMUNITY.

The Eleventh Amendment prohibits a federal court from exercising jurisdiction over lawsuits brought by a private party against a State unless the state waives sovereign immunity or Congress has expressly and validly abrogated that immunity. *See, e.g.*, *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011). A suit brought against a state official acting in his or her official capacity is akin to a suit against the State itself. *See, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, a plaintiff cannot avoid the Eleventh Amendment's proscription by naming a state officer as a party in lieu of the State. *See, e.g.*, *Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001).

In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out a "narrow exception," (*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 74 (1996)) to a State's Eleventh Amendment immunity in cases involving official-capacity suits against state officers. Under that doctrine, a plaintiff may proceed against an individual state officer in his official capacity when the complaint "(a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.'" *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quoting *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). This exception is based on the "legal fiction that a sovereign state cannot act unconstitutionally." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010); *accord Stewart*, 563 U.S. at 264.[1]

---

[1] The *Ex parte Young* analysis "significantly overlaps" with Article III's standing requirements. *Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 520 (5th Cir. 2017).

Plaintiff brings his Section 1983 suit against Judge Martinez solely in her official capacity. Dkt. No. 1 at ¶12. But Judge Martinez is entitled to sovereign immunity from this suit because the *Ex Parte Young* exception does not apply to her and there is no ongoing constitutional violation susceptible to prospective relief.

### A. There is No Federal Violation Refusing to Exercise Jurisdiction Over a Criminal Defendant's Demand That He be Able to "Develop a *Batson* Claim."

Although the determination of whether *Ex parte Young* applies is made based on a "straightforward inquiry," the Fifth Circuit has made clear that "[a] bare assertion of a violation of federal law is not enough..." *Verizon Md., Inc*, 535 U.S. at 636; *Rowan Court Subdivision 2013 Ltd. P'ship v. La. Hous. Corp.*, 749 F. App'x 234, 237 n. 11 (5th Cir. 2018). A plaintiff must raise at least a "colorable constitutional claim." *Hall v. Tex. Comm'n on Law Enf't.*, 685 F. App'x 337, 341 (5th Cir. 2017) (per curiam). "Conclusory statements are insufficient to plead a claim, and they do not establish jurisdiction under the *Ex parte Young* exception." *Salinas v. Tex. Workforce Comm'n*, 573 F. App'x 370, 372 (5th Cir. 2014) (per curiam).

*Hall* is instructive. 685 F. App'x at 340. There, Hall, a peace officer, brought suit against the Texas Commission on Law Enforcement (TCOLE) under Section 1983. *Id*. at 338. Hall alleged that the TCOLE's change in policy, which caused peace officers unemployed for two years to lose certification, denied him due process by not allowing him to be recertified when he was unable to find a job. *Id*. Hall attempted to sue TCOLE individuals in their official capacities under the *Ex parte Young* exception. *Id*. The district court, in ruling on the defendants' motion to dismiss, held the claims were barred by sovereign immunity. *Id*.

In affirming, the Fifth Circuit explained that Hall's two theories did not raise colorable constitutional claims. *Id*. at 340-41. First, Hall alleged TCOLE's policy to be an unconstitutional

denial of due process because he was not provided "a jury trial, administrative hearing, or some other adjudicatory proceeding." *Id*. Prior case law, however, established that "[t]here is no requirement 'that the defendant in every civil case actually have a hearing on the merits.'" *Id*. at 340-41 (quoting *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971)). Therefore, Hall's claim that he was deprived of a particular sort of proceeding prior to losing his certification was foreclosed by precedent. *Id*.

Second, Hall claimed a violation of his First Amendment right to petition based on his inability to secure employment after reporting various crimes attributable to police officers. *Id*. The Fifth Circuit also found *Ex parte Young* inapplicable to this claim on the basis that Hall had failed to state facts that linked his reporting of crimes to an inability to secure employment. *Id*. Hall therefore "failed to raise a colorable constitutional claim; the *Ex parte Young* exception [did] not apply; and sovereign immunity bar[red] this suit against the individual defendants in their official capacities." *Id*.

There is no authority for the claim that one has a due process right to a juror's personal information. *Romero v. State*, 396 S.W.3d 136, 153 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) ("[T]he trial court's denial of appellant's request to unseal personal juror records, to be used to obtain information about jury deliberations, did not violate due process."). Even the very statute Plaintiff sought this information under does not recognize such a right. Tex. Code Crim. Pro. art. 35.29. As there is no recognized due process right to jury members' personal information, *Ex parte Young* cannot apply.

### B. Rhoades Fails to Allege Facts that Support the Finding of an Ongoing Violation.

The fiction of *Ex parte Young* does not extend to suits where there is not an "ongoing" violation of federal law, *Stewart*, 563 U.S. at 255 (internal quotes omitted); *Green v. Mansour*, 474 U.S. 64, 71 (1985); or where "a federal court instructs state officials on how to conform their conduct to state law," *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984).

Rhoades has not claimed there is an ongoing violation nor does his disagreement with a state court's *past* ruling reflect an ongoing violation. *See generally* Dkt. No. 1. To the extent Rhoades were to make such an argument now, this Court should not adhere to "empty formalism" when applying the *Young* exception. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997); *Papasan v. Allain*, 478 U.S. 265, 277 (1986). Rhoades makes clear that he believes his constitutional rights were violated by Judge Martinez when she previously declined to exercise jurisdiction over his Article 35.29 Motion. Dkt. No. 1 at ¶33. This singular past action does not suffice to demonstrate an ongoing violation of Rhoades' civil rights. Moreover, the relief Rhoades asks for – that Judge Martinez be ordered to decide on his motion *and* that she grant it (*Id*. at ¶¶59-60) – would require this Court to instruct Judge Martinez to conform her conduct to state law in violation of *Pennhurst*.

## II.  JUDGE MARTINEZ IS ENTITLED TO JUDICIAL IMMUNITY.

The Supreme Court has recognized absolute immunity from suit for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982). While there is some authority for the idea that judicial immunity does not prohibit a court from granting prospective judicial relief against a judicial officer to prevent him from exceeding his authority in the future, Rhoades does not ask for any relief that can truly be considered "prospective." *Pulliam v. Allen*, 466 U.S. 522 (1984).

When determining whether a complaint seeks relief properly characterized as prospective, the primary inquiry is whether the plaintiff states facts sufficient to show an ongoing violation of federal law. *See, e.g., Coeur d'Alene Tribe of Idaho*, 521 U.S. at 288. An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. *SEC v. Medical Comm. for Human Rights*, 404 U.S. 40 (1972). As explained, *supra* Section I, B, Rhoades fails to demonstrate an ongoing violation by Judge Martinez, but rather, wants this Court to declare Judge Martinez violated his rights when performing a single, discrete past act. As such, Judge Martinez is entitled to judicial immunity from this suit for retrospective relief.

## MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the formal sufficiency of the statement of a claim for relief and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied, 536 U.S. 960 (2002). "[T]he plaintiff's complaint [must] be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Id.* (*citing Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff, it need not accept plaintiff's *legal conclusions* as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (emphasis added). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id*.

The Fifth Circuit will not find that this Court abused its discretion in refusing to allow further leave to amend a plaintiff's complaint if that leave has previously been granted. *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). Granting leave to amend is not required, if the plaintiff has already pleaded his "best case." *Id*. Where the plaintiff "gives no indication that he did not plead his best case" and fails "state any material facts he would have included in an amended complaint," dismissal with prejudice is warranted. *Id*.

I.  THIS COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION.

   A. The *Younger* Doctrine Requires Abstention.

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must refrain from considering requests for injunctive or declaratory relief based upon constitutional challenges to ongoing state civil proceedings.[2] The *Younger* doctrine "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The *Younger* abstention doctrine requires a federal court to decline to exercise jurisdiction over a suit when three factors are met: (1) the dispute must involve an "ongoing state judicial proceeding;" (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir. 1996). If the three prerequisites are satisfied, then a federal court can assert jurisdiction only if "certain narrowly delimited exceptions

---

[2] "While it was once thought that *Younger* applied only to state criminal or 'quasi-criminal' proceedings, the [Supreme] Court has now made it clear that '[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved.'" *Women's Cmty. Health Ctr. of Beaumont, Inc. v. Tex. Health Facilities Comm'n*, 685 F.2d 974, 978–79 (5th Cir. 1982).

to the abstention doctrine apply."³ *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). "This Court…reviews de novo whether the elements for *Younger* abstention are present." *Bice v. Louisiana Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012).

Applying the doctrine:

*First*, Rhoades clearly contends the state judicial proceeding is ongoing as he seeks an order from this Court that the state court change its determination on a ruling. Dkt. No. 1 at ¶59. Moreover, although Rhoades has already filed, and been denied, a writ of mandamus in the State's highest court, there is nothing that prevents him from filing another. Tex. Code Crim. Pro. Ann. art. 11.071, sec. 5. Thus, the first factor of the *Younger* doctrine is met. The federal proceeding would clearly interfere with an ongoing state judicial proceeding because, as Rhoades urges, the proper relief is to dictate to a state court judge exactly what her ruling on his Article 35.29 Motion should be. Dkt. No. 1 at ¶59.

*Second*, the State has an important state interest in the enforcement of its state laws and determining disputes between its own citizens. *See Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 12-13 (1987) ("[s]tates have important interests in administering certain aspects of their judicial systems," including "enforcing the orders and judgments of their courts."). So the second *Younger* factor is met.

*Third*, Rhoades had an opportunity to raise his challenges to the state civil proceedings in state court. ⁴ *See Pennzoil Co.*, 481 U.S. at 15 (stating federal courts "should assume that state court

---

³ The *Younger* exceptions are as follows:
(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived. *Younger*, 401 U.S. at 49. The exceptions do not apply here.
⁴ Whether Rhoades should have been, or will in the future be, unsuccessful in raising his constitutional claims in state court is irrelevant. *See Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018). "The relevant question is whether the would-

procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Indeed, he already has (*In re Rhoades*, WR-78,124-02, 2021 WL 2964225 (Tex. Crim. App. July 14, 2021)) and he can do so again. Tex. Code Crim. Pro. Ann. art. 11.071, sec. 5. Because the third factor is answered in the affirmative here, all three *Younger* factors are met.

Because the *Younger* abstention doctrine is applicable, this Court should abstain from hearing Rhoades' suit absent a showing that the proceedings are "taken in bad faith or for the purpose to harass" or in retaliation against constitutionally protected conduct. *Hefner v. Alexander*, 779 F.2d 277, 279 (5th Cir. 1985). "The bad faith exception is narrow and is to be granted parsimoniously." *Hensler v. Dist. Four Grievance Comm. of State Bar of Texas*, 790 F.2d 390, 392 (5th Cir. 1986). Here, there is nothing in the record to suggest that the proceedings so far in state court were the result of bad faith of Judge Martinez. Thus, *Younger* should bar this suit from progressing any further.

### B. Alternatively, this Court Should Abstain from Exercising Jurisdiction Under the *Rooker-Feldman* Doctrine.

Should the *Younger* doctrine not apply, the *Rooker-Feldman* doctrine bars Rhoades' claims against Judge Martinez. The *Rooker–Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine is designed to prevent lower federal courts from exercising jurisdiction over matters that are exclusively reserved for Supreme Court review under 28 U.S.C. § 1257. *Lance v. Dennis*, 546

---

be federal plaintiff has the opportunity to raise [her] federal claims in state court." *Id.* (citing *Moore v. Sims,* 442 U.S. 415, 425 (1979) ("[T]he federal court should not exert jurisdiction if the plaintiffs 'had an opportunity to present their federal claims in the state proceedings.'").

U.S. 459, 463 (2006) (per curiam). That exclusive jurisdiction is not triggered when the state proceedings are still on appeal. *See* 28 U.S.C. § 1257 (granting jurisdiction over "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had"). Accordingly, this court has limited the application of *Rooker-Feldman* to those cases in which "a party suffered an adverse final judgment rendered by a state's court of last resort." *Ill. Cent. R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012).

The *Rooker-Feldman* doctrine has four elements: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment. *Exxon Mobil Corp.*, 544 U.S. at 284.

If this Court determines that Rhoades' suit is not ongoing, but rather, the Texas Court of Criminal Appeals denial of Rhoades' writ of mandamus was an adverse final judgment, then *Rooker-Feldman* must apply where *Younger* does not. Rhoades did not file suit in this Court until the denial of his writ of mandamus rendered. And the only relief he seeks is a review of Judge Martinez's decision and an order that she *must* give him the personal information of his criminal trial jurors. Dkt. No. 1 at ¶¶59-60. Thus, to the extent this Court declines to abstain under the *Younger* doctrine, it is proper to do so under the *Rooker-Feldman* doctrine. *See Benchoff v. Fogal*, 576 Fed. Appx. 117, 118 (3d Cir. 2014) (applying *Rooker-Feldman* where state court ruled it did not have jurisdiction to rule on plaintiff's post-conviction motions and plaintiff sought declaratory relief that the ruling was incorrect).

## II. RHOADES' SUIT IS BARRED BY THE STATUTE OF LIMITATIONS.

Because no specified federal statute of limitations exists for § 1983 claims, federal courts borrow the forum state's general or residual tort limitations period. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir.1992). In Texas, the applicable period is two years. Although state law controls the limitations period for § 1983 claims, federal law determines when a cause of action accrues. *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991). "An injury accrues when a plaintiff first becomes aware, or should have become aware, that his right has been violated." *Reed v. Goertz*, 995 F.3d 425, 431 (5th Cir. 2021).

Rhoades claims that the harm he has suffered by virtue of Judge Martinez's declining to exercise jurisdiction over his Article 35.29 Motion is that he is unable to develop a *Batson* challenge in a post-conviction writ. Dkt. No. 1 at ¶¶39-49. Rhoades acknowledges that he has been attempting to make this *Batson* challenge as far back as 1996. *See* Dkt. No. 1 at ¶41; *see also Rhoades v. State*, 934 S.W.2d 113, 123 (Tex. Crim. App. 1996). He also acknowledges that he knew in January 2019 that he was lacking "juror cards and questionnaires" that he believed to be necessary to his *Batson* argument. Dkt. No. 1 at ¶24. Therefore, the statute of limitations began to accrue, if not in 1996, in January 2019 at the latest. This suit, filed July 26, 2021, is time barred.

## Conclusion

Judge Martinez asks that this Court dismiss this suit for lack of jurisdiction. In the alternative, Judge Martinez asks this Court to abstain from exercising jurisdiction over this suit and also hold that Rhoades' suit is time barred.

Respectfully Submitted.

**Ken Paxton**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Attorney-in-Charge
Assistant Attorney General
Texas State Bar No. 24097533
Southern District ID No. 3089117
*courtney.corbello@oag.texas.gov*

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 936-2109
**ATTORNEYS FOR JUDGE MARTINEZ**

**NOTICE OF ELECTRONIC FILING**

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Southern District of Texas, on August 31, 2021.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served directly to all counsel on record by the Electronic Case Files System of the Southern District of Texas on August 31, 2021.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General