IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RICK RHOADES,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| -VS- | § | CIVIL NO. 4:21-cv-02422 |
| | § | *CAPITAL CASE* |
| | § | |
| | § | |
| **HON. ANA MARTINEZ**, | § | |
| Defendant. | § | |
| | § | |

_____

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**


**Mr. Rhoades is scheduled to be executed
on September 28, 2021, after 6:00 pm.**

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131
Email ddow@central.uh.edu

Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
Tel. (713) 743-6843
Fax (713) 743-2131
Email jrnewber@central.uh.edu

_Counsel for Rick Rhoades, Plaintiff_

# Table of Contents

Table of Authorities ................................................................................. iii

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS………….......................................................... 1

Introduction ....................................................................................... 1

I.      Plaintiff has not asked this Court to find that his motion
        filed in the state trial court pursuant to Texas Code of
        Criminal Procedure article 35.29 should be granted. ..................... 2

II.     Rhoades has alleged on ongoing violation of federal law. ............. 3

III.     Rhoades has clearly alleged the violation of his rights is
        ongoing. ............................................................................................ 5

IV.    There is no ongoing state judicial proceeding involving
        whether Rhoades is entitled to a decision on his motion
        requesting access to juror information ............................................ 6

V.     The *Rooker-Feldman* doctrine does not bar Plaintiff's suit. ........... 7

VI.    The statute of limitations did not begin to accrue until
        Defendant took action to deny Plaintiff his right to seek
        access to the juror materials. ......................................................... 10

Prayer for relief ..................................................................................... 11

Certificate of Service ........................................................................... 13

# Table of Authorities

**Cases**

*Ayala v. Wong,*
  756 F.3d 656 (9th Cir. 2014), *rev'd on other grounds, Davis v. Ayala*, 576 U.S. 257 (2015)................................................................5

*Boyd v. Newland,*
  467 F.3d 1139 (9th Cir. 2006) ........................................................5

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,*
  544 U.S. 280 (2005) ....................................................................9-10

*Romero v. State,*
  396 S.W.3d 136 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd)… ...............................................................................................4-5

*Skinner v. Switzer,*
  562 U.S. 521 (2011) ....................................................................8-10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RICK RHOADES,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| -VS- | § | CIVIL NO. 4:21-cv-02422 |
| | § | *CAPITAL CASE* |
| | § | |
| | § | |
| **HON. ANA MARTINEZ**, | § | |
| Defendants. | § | |
| | § | |

_____

## PLAINTIFF'S RESPONSE IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

### Introduction

Plaintiff Rick Rhoades filed his Complaint Filed Pursuant to 42

U.S.C. § 1983, ECF No. 1, on July 26, 2021. Defendant filed her Motion

to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil

Procedure 12(b)(1), (6), ECF No. 6, on August 31, 2021. Plaintiff now

files this Response in Opposition to Defendant's Motion to Dismiss.[1]

_____

[1] In this Response, Plaintiff responds only to those assertions made by
Defendant he deems merit a response.

**I.     Plaintiff has not asked this Court to find that his motion filed in the state trial court pursuant to Texas Code of Criminal Procedure article 35.29 should be granted.**

At the core of Defendant's Motion to Dismiss is a critical mischaracterization of the relief Plaintiff has requested. Namely, Defendant claims that Rhoades has asked for a declaratory judgment that his "Article 35.29 Motion . . . should be granted." ECF No. 6 at 2. This, however, is not the relief which Plaintiff has requested. Plaintiff has asked this Court to find that his rights pursuant to the Due Process and Equal Protection Clauses entitle him to a decision on the merits of his motion filed pursuant to Article 35.29. ECF at para. 59. In the alternative, Plaintiff has asked this Court to find that he has a due process right to access to the confidential juror materials. *Id.* at para. 60. This alternative request for relief is grounded in a theory that, especially after the Supreme Court issued its opinion in *Miller-El II*, due process requires that a Plaintiff seeking to raise a *Batson* claim have access to the materials necessary to perform the comparative juror analysis required by *Miller-El*. At no point in Plaintiff's Complaint did Plaintiff request this Court to find that he had shown good cause for access to the juror materials pursuant to Article 35.29 or to order

Defendant to enter such a finding. Defendant's assertion to the contrary is patently false. As explained in greater detail below, this mischaracterization is fundamental to virtually all of the arguments raised in Defendant's motion.

## II. Rhoades has alleged an ongoing violation of federal law.

First, it is worth noting that in arguing Rhoades has not alleged an ongoing violation of federal law sufficient to invoke *Ex Parte Young*'s exception, Defendant fails to address Plaintiff's primary argument that he has both an equal protection and due process right to a ruling on the merits of his motion filed in the trial court. *See* ECF No. 6 at 3-5. Presumably, Defendant has failed to address this issue because she would rather recast Plaintiff's request as being for a declaratory judgment that he is entitled to a finding that he has demonstrated good cause pursuant to Article 35.29 and that, for that reason, his motion should be granted. However, what Defendant has characterized as Plaintiff's request is not, in fact, what Plaintiff has requested. Rather, Plaintiff has only asked this Court to find he is entitled to a ruling on the merits of the motion he filed in state court (i.e., a determination on whether he has demonstrated good cause) because the trial court's

failure to do so: 1) violates his rights under the Due Process Clause because it denies him of the means of pursuing access to this information which was given to him by the Texas Legislature; and 2) violates his rights under the Equal Protection Clause because it treats him differently than similarly situated defendants. ECF No. 1 at paras. 53-58. He has not asked this Court to rule on the state court motion, or to review the state court's adjudication of that motion—nor could he, because there has been no state court ruling. Rhoades' argument is simply that even if he does not have a federal right to access to the juror information, he does have a right to a ruling on his state court motion, because the state has given him a right to a means by which he could gain access to the juror information. For that reason, federal law makes clear that the manner in which that right is provided to Rhoades must comport with the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

Second, the case cited by Defendant from Texas' Fourteenth Court of Appeals does not establish there is not a due process right to access juror information to develop a *Batson* claim, which is what Plaintiff has asked this Court to find in the alternative. That case, *Romero v. State*,

involved whether the appellant was entitled access to confidential juror information for purposes of determining whether a particular juror was intimidated and harassed by other jurors. *Romero v. State*, 396 S.W.3d 136, 152 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). To be sure, while there is not a great deal of caselaw addressing the relevant question, it has been addressed by the United States Court of Appeals for the Ninth Circuit, and that court has found there is a due process right to access to these types of materials when the person seeking access is attempting to develop a *Batson* claim. ECF No. 1 at para. 51 (*citing Boyd v. Newland*, 467 F.3d 1139, 1150 (9th Cir. 2006), and *Ayala v. Wong*, 756 F.3d 656, 671 n.10 (9th Cir. 2014), *rev'd on other grounds*, *Davis v. Ayala*, 576 U.S. 257 (2015)). There is no contrary authority.

## III. Rhoades has clearly alleged the violation of his rights is ongoing.

As is clear from Plaintiff's Complaint, he alleges he will not be able to investigate or develop a *Batson* claim unless and until he is granted access to the materials necessary to conduct the analysis required by *Miller-El*. He has a right under state law to pursue access to the materials. By denying him of the procedure by which he is entitled to seek to gain access to the materials, Defendant has violated

his rights pursuant to the Due Process and Equal Protection Clauses. This violation is ongoing and will not be resolved until Defendant issues a decision on the merits of his motion. If Defendant grants the motion, Rhoades will have access to the materials; if Defendant denies the motion, he will be able to appeal that decision to the Texas Court of Criminal Appeals. Defendant's assertion that this case does not involve an ongoing violation of federal law is grounded entirely in her mischaracterization of the suit; but, to reiterate, Rhoades has not asked this Court to order Defendant grant his motion. *See* ECF No. 6 at 6. Rhoades has asked this Court to find he has a due process and equal protection right to a decision on the merits of his motion—whatever that decision might be.

## IV. There is no ongoing state judicial proceeding involving whether Rhoades is entitled to a decision on his motion requesting access to juror information.

Defendant's assertion that the *Younger* doctrine requires this Court to abstain is grounded in the false premise that there is an ongoing state judicial proceeding—which is the only scenario to which *Younger* abstention is germane. But in point of fact, there is no ongoing state proceeding that broaches the issue that is the subject of Plaintiff's

Complaint. While Defendant's argument on this point is somewhat confusing, it appears to be based, at least in part, on her mischaracterization of the relief Plaintiff seeks. ECF No. 6 at 9 ("First, Rhoades clearly contends the state judicial proceeding is ongoing as he seeks an order from this Court that the state court change its determination on a ruling."). Regardless, because there is no ongoing state judicial proceeding involving the subject of the issue raised in Plaintiff's Complaint, *Younger* is inapplicable.

## V.      The *Rooker-Feldman* doctrine does not bar Plaintiff's suit.

Defendant's assertion that the *Rooker-Feldman* doctrine bars Plaintiff's suit is grounded in the same fallacy as her other arguments. If, as Defendant claims, Plaintiff was simply asking this Court to "review . . . Judge Martinez's decision," then his suit might be barred by the *Rooker-Feldman* doctrine. ECF No. 6 at 11. But that is not the relief Rhoades has requested, nor the issue about which he has complained. Instead, he has asked this Court to find that the manner in which his state-created right to seek access to confidential juror information was made available to him did not comport with the dictates of the Due Process or Equal Protection Clauses of the Fourteenth Amendment.

This issue—i.e., the issue raised in Plaintiff's Complaint—was never litigated in the state court. The *Rooker-Feldman* doctrine is therefore irrelevant.

On this point, the Supreme Court's opinion in *Skinner v. Switzer*, 562 U.S. 521 (2011), is instructive. *Skinner* involved Chapter 64 of the Texas Code of Criminal Procedure. Through Chapter 64, the Texas Legislature gave inmates, like Skinner, the ability to seek to have biological evidence analyzed in an attempt to demonstrate they are innocent of the crimes for which they were convicted. On two occasions, Skinner sought to have evidence collected during the investigation of the murder for which he was convicted and sentenced to death submitted to forensic analysis. Regarding his first motion, the trial court found, and the CCA affirmed, that he was not entitled to the forensic analysis he sought because he had not shown there was a reasonable probability that the testing he sought could yield results which, if presented to the jurors at his trial, would have led to his being found not guilty at trial. *Skinner*, 562 U.S. at 528. Regarding his second motion, the trial court found, and the CCA affirmed, that Skinner had not demonstrated that it was not his fault that the evidence had not

been tested previously. *Id.* at 528-29. Following these state court decisions, Skinner filed a complaint pursuant to section 1983 in the federal district court, alleging that the State had violated his "right to due process by refusing to provide for the DNA testing he requested." *Id.* at 529. In other words, Skinner complained that the manner in which his state-created right to seek DNA testing was made available to him did not comport with the dictates of the Due Process Clause. His complaint was legally indistinguishable from the complaint Rhoades presently raises.

Writing for the majority in *Skinner*, Justice Ginsburg explained that "*Rooker-Feldman* [did] not bar Skinner's suit." *Id.* at 531. It mattered not that the state court had decided issues that were closely related to the issue raised in Skinner's federal complaint. Quoting the opinion which she had authored for a unanimous court in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), Ginsburg explained why *Rooker-Feldman* was no bar to Skinner's action: "If a federal plaintiff presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court." *Skinner*, 562 U.S.

at 532 (internal quotation marks and alterations omitted) (*quoting Exxon Mobil*, 544 U.S. at 292-93). Skinner's suit was not barred because he did "not challenge the adverse CCA decisions themselves; instead, he target[ed] as unconstitutional the Texas statute they authoritatively construed." *Id.* at 532.

In precisely the same manner, Plaintiff is not asking this Court to order Defendant to find she has jurisdiction to decide his motion or to find he has shown good cause for access to the material. He is not challenging that adverse decision itself. Instead, he asks this Court to find that the manner in which his state-created right to seek access to confidential juror information was made available to him did not satisfy the Due Process or Equal Protection Clauses. No state court has addressed this issue, and, for that reason, his suit is not barred by the *Rooker-Feldman* doctrine.

## VI. The statute of limitations did not begin to accrue until Defendant took action to deny Plaintiff his right to seek access to the juror materials.

Plaintiff's rights were violated when Defendant construed Article 35.29 in a manner that satisfied neither the Due Process nor Equal Protection Clause. That happened on March 17, 2021. Plaintiff filed his

suit on July 26, 2021. His suit is not barred by the statute of limitations. Even if this Court believes the statute of limitations began to accrue when Plaintiff first became aware that the State had maintained a copy of the juror cards and some of the juror questionnaires, his claim is not barred by the statute of limitations because counsel for the State first informed undersigned Counsel that these items were in his possession on February 4, 2021.

## Prayer for relief

WHEREFORE, Mr. Rhoades prays that the Court provide relief as follows:

1.    Deny Defendant's Motion to Dismiss;

2.    Issue a declaratory judgment that Rhoades is entitled to a decision on whether he has demonstrated good cause for access to the juror information; and/or, alternatively,

3.    Issue a declaratory judgment that Rhoades is entitled to access materials essential to determining whether his rights under *Batson* were violated at his trial; and

4.      Award Rhoades costs of suit and such other and further

relief as this Court deems just and proper.[2]


Respectfully submitted,


/s/ David R. Dow

_____
David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131
Email ddow@central.uh.edu

/s/ Jeffrey R. Newberry

_____
Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
Tel. (713) 743-6843
Fax (713) 743-2131
Email jrnewber@central.uh.edu


*Counsel for Rick Rhoades*

---

[2] Plaintiff believes that, pursuant to the Court's local rule 7, Defendant's Motion to Dismiss might not be submitted until September 21, 2021, which is seven days before Plaintiff is scheduled to be executed. If the Court is not going to rule on Defendant's motion until on or after September 21, the Court should enter an order staying Plaintiff's execution because there would not be sufficient time remaining either to use the materials to develop Plaintiff's *Batson* claim or appeal a decision dismissing his Complaint.

### Certificate of Service

I certify that a true and correct copy of the foregoing Complaint was served on Counsel for Defendant, Courtney Corbello, via an email by the Court's Electronic Case Filing system to courtney.corbello@oag.texas.gov.

/s/ Jeffrey R. Newberry

_____

Jeffrey R. Newberry