IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RICK RHOADES,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| -VS- | § | CIVIL NO. 4:21-cv-02422 |
| | § | *CAPITAL CASE* |
| | § | |
| | § | |
| **HON. ANA MARTINEZ**, | § | |
| | § | |
| Defendant. | § | |

**MOTION FOR STAY OF EXECUTION
PENDING DISPOSITION OF PLAINTIFF'S COMPLAINT
FILED PURSUANT TO 42 U.S.C. § 1983**

**MR. RHOADES IS SCHEDULED TO BE EXECUTED
SEPTEMBER 28, 2021, AFTER 6:00 PM**

TO UNITED STATES DISTRICT COURT JUDGE DAVID HITTNER:

Plaintiff Rick Rhoades respectfully requests that this Court grant

him a stay of execution pending the resolution of his complaint filed

pursuant to 42 U.S.C. § 1983, which raises a claim regarding his access

to materials necessary to properly raise his claim pursuant to *Batson v.*

*Kentucky*, 476 U.S. 79 (1986). Specifically, by denying him a decision on

the merits of a motion filed in the state trial court, Defendant has

denied Rhoades of a process to which the Texas legislature gave him a right.

Mr. Rhoades is entitled to a stay of execution if this Court finds he has established: (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury outweighs any harm that will result if the stay is granted; and (4) that the stay will not disserve the public interest. *Sells v. Livingston*, 750 F.3d 478, 480-81 (5th Cir. 2014) (delineating the elements a 1983 plaintiff must establish to be entitled to a stay of execution); *see also Hill v. McDonough*, 547 U.S. 573, 584 (2006) (explaining a 1983 plaintiff might be entitled to a stay of execution if he makes a showing of a significant possibility of success on the merits); *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004) (same).

There is a likelihood that this Court will find that Rhoades is entitled either to a decision on the merits of his motion filed in the state trial court or to access to the juror materials, which are the subject of that motion. If a stay is not granted, Mr. Rhoades will suffer an irreparable injury; he will be executed while being denied his right to pursue access to the materials necessary to develop his *Batson* claim.

This injury—the loss of Rhoades' life—outweighs the cost to the State in continuing to incarcerate him. The interest of the public weighs in favor of a stay.

Accordingly, Mr. Rhoades is entitled to a stay of execution so that this Court can consider his complaint filed pursuant to 42 U.S.C. § 1983.

Respectfully submitted,


/s/ David R. Dow

_____
David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131
Email ddow@central.uh.edu

/s/ Jeffrey R. Newberry

_____
Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
Tel. (713) 743-6843
Fax (713) 743-2131
Email jrnewber@central.uh.edu

*Counsel for Rick Rhoades*

## Certificate of Service

I certify that on September 19, 2021 a true and correct copy of the above pleading was delivered to Counsel for Defendant via a notification of electronic filing.

`

/s/ Jeffrey R. Newberry

_____

Jeffrey R. Newberry